NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0643n.06

No. 09-1753

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 07, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SUZANN BARLOW, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| EDWARD C. ADAMS; K. L. HARRING, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: MERRITT, KENNEDY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Suzann Barlow was in a car accident in Port Huron, Michigan with a semi-truck owned by K.L. Harring and driven by Edward Adams. She sued them. The district court granted summary judgment for the defendants based on the Michigan No Fault Act. *See* Mich. Comp. Laws Ann. § 500.3135. The Michigan Supreme Court has since overruled its own precedent interpreting that Act. In light of that change, we vacate and remand.

Under Michigan law, a plaintiff must have "suffered death, severe impairment of body function, or permanent serious disfigurement" to recover noneconomic damages from a motor-vehicle accident. Mich. Comp. Laws Ann. § 500.3135(1). Barlow alleges that she has a severe impairment of body function. The statute defines this element as "an objectively manifested impairment of an important bodily function that affects the person's general ability to lead his or her

normal life." *Id.* § 500.3135(7). The district court granted summary judgment in favor of the defendants, holding that Barlow was unable to demonstrate an effect on her general ability to lead her normal life. This appeal followed.

Barlow challenges two aspects of that decision. First, she argues that the district court wrongly applied subsection 2(a) of the No Fault Act as its summary-judgment standard rather than Federal Rule of Civil Procedure 56. It is unclear from its opinion what standard the district court applied. But the district court should have applied Rule 56, as required by the Rules Enabling Act. 28 U.S.C. § 2072(b); *see Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010); *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573–74 (6th Cir. 2008).

Second, she now argues that the district court applied the wrong substantive standard. The court applied *Kreiner v. Fischer*, 683 N.W.2d 611 (Mich. 2004), which was then the leading case regarding the No Fault Act. But the Michigan Supreme Court has since overruled *Kreiner*. *See McCormick v. Carrier*, No. 136738, 2010 WL 3063150, at *14 (Mich. July 31, 2010). Moreover, *McCormick* expressly overturned most of the language relied upon by the district court. *See id.* at *9-11.

So it is unclear whether the district court applied the correct procedural standard, and very clear that, through no fault of its own, it applied a now-invalid substantive standard. In addition, the district court does not yet appear to have ruled on Barlow's claim for economic damages. In light of these circumstances, we vacate the court's order granting summary judgment to the defendants and remand the case for further proceedings consistent with this opinion.